

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY JO-ALLEN McCOY,

    Plaintiff,

v.                                                    Civil Action No. **3:10CV868**

**OFFICER STOKES,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983. Plaintiff's complaint arises out of allegations that Defendant Stokes, a correctional officer at Nottoway Correctional Center, assaulted Plaintiff. Defendant filed a motion for summary judgment (Docket No. 14), provided Plaintiff with appropriate *Roseboro*[1] notice (Docket No. 16), and contended that the action should be dismissed because, *inter alia*, Plaintiff failed to exhaust his administrative remedies. Plaintiff responded. (Docket No. 19.) Defendant then submitted an amended memorandum in support of his motion for summary judgment (Docket No. 20) and an additional *Roseboro* notice (Docket No. 21). The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On November 16, 2010, Plaintiff filed a complaint against Defendant.[2] Plaintiff's allegations against Defendant are as follows:

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), an inmate's submission is deemed filed on the date it is handed to prison staff for mailing.

> On November 3, 2010, after my breakfast tray was placed on my tray slot, I asked C/O Stokes if I could get some request forms. I had been trying for days to get some request forms, but the C/Os kept saying that they had to get some more. He immediately yelled at me saying, "They're next door." Then as he walked towards my door, he yelled, "Leave me the fuck alone," and being real vulgar towards me. I got up because I could see that he was mad and I told him that I'm not disrespecting him, and that he needed to calm his nerves. I was at my door by the time he got to my door. He grabbed my tray, but I grabbed it right after he did. He tried to yank it from me. I told him to stop and that he needed to calm down, and that he was spilling my food. He began to yank it back and forth, thrusting it into my stomach. Then he yanked it real hard, causing my arm to go through the tray slot. He slammed my arm in the tray slot, snatched my tray from my hand, flung it across the pod, accused me of throwing my tray, and lied, saying I refused my breakfast, and refused to let me have another tray. I requested to be seen at sick-call on the next day so I could be given an order for an ice pack because my arm was swollen and bruised in the same area.

(Compl. 5 (capitalization, spelling, and punctuation corrected).)[3] Defendant has moved for summary judgment because Plaintiff has not exhausted his administrative remedies.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation

---

[3] Plaintiff also complains about being denied the use of a wheelchair and being denied access to free copies of his medical records. Plaintiff does not allege that Defendant Stokes, the only Defendant that Plaintiff has sued, was involved in these claims. Accordingly, the Court will not address them.

2

marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless,"'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3). Exhaustion of administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, it is Defendant's burden to identify specific evidence and "articulate the precise manner in which that evidence" supports a finding that Plaitniff failed to exhaust his administrative remedies. *Forsyth*, 19 F.3d at 1537 (internal quotation marks omitted).

Defendant has submitted an affidavit of Grievance Coordinator James who swears that Plaintiff has not exhausted his administrative remedies. Plaintiff, however, has not submitted or cited an affidavit or any other admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)(A). Nor is Plaintiff's complaint verified. *See McClellan v. Lewis*, No. 3:08CV260, 2009 WL 2434141, at *2 (E.D. Va. Aug. 6, 2009) ("[An] unsworn argument does not constitute evidence." (*citing United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004))).

3

## III. ANALYSIS

### A. Administrative Exhaustion

The exhaustion requirement demands that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford*, 548 U.S. at 90. Additionally, the Supreme Court has instructed that 42 U.S.C. § 1997e(a) "requires proper exhaustion." *Id.* at 93. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits,'" *id.* (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, the applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Plaintiff was required to exhaust the claims raised in his complaint in accordance with the Virginia Department of Corrections ("VDOC") grievance procedures. In particular, he must have complied with VDOC Department Operating Procedure 866.1.

The VDOC Operating Procedure provides "a mechanism for inmates to resolve complaints, appeal administrative decisions and challenge the substance of procedures." (Br. Supp. Mot. Summ. J. (Docket No. 15) Ex. 1 ("First James Aff.") ¶ 4.) In order to comply with the grievance procedures, "[p]rior to submitting a regular grievance, the inmate must demonstrate

4

that he has made a good faith effort to informally resolve his complaint." (First James Aff. ¶ 6.) A prisoner may accomplish this "by submitting an informal complaint form to the appropriate department head." (First James Aff. ¶ 6.) Because an inmate has only thirty (30) days in which to file a regular grievance, "[p]rison staff should respond to the inmate's informal complaint within 15 calendar days." (First James Aff. ¶ 6.) Subsequent to filing a regular grievance, there are three levels of review available. The first level of review may be conducted by the warden or superintendent. The second level consists of an appeal to the regional director or other supervisor. Some issues may be reviewed at a third level by a VDOC director.

### B. Plaintiff's Attempt at Exhaustion

On November 3, 2010 Plaintiff submitted a regular grievance form complaining about the alleged assault committed by Defendant. (Br. Supp. Mot. Summ. J. (Docket No. 20) Ex. 1 ("Second James Aff.") ¶ 4.) Plaintiff, however, had not utilized the informal grievance procedure, and therefore the regular grievance was not accepted. (Second James Aff. ¶ 6.) After receiving notification of this decision, Plaintiff did not further seek an informal or regular grievance, nor did he request review or appeal of the decision. Accordingly, Plaintiff has not exhausted his administrative remedies. *Joyner v. Combs*, No. 7:06-CV-00377, 2007 WL 152105, at *3 (W.D. Va. Jan. 17, 2007) (concluding that inmate's grievances, which were returned for insufficient information and failure to utilize the informal process, did not serve to exhaust his administrative remedies for the claims contained therein).

### IV. CONCLUSION

Plaintiff failed to exhaust properly his administrative remedies because he failed to file an informal grievance and because he failed to appeal the determination that his regular grievance was not submitted properly. Thus, Plaintiff failed to give the state a "fair and full opportunity to

5

adjudicate [his] claims," as he must before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Defendant's motion for summary judgment (Docket No. 14) will be GRANTED. Plaintiff's claims will be DISMISSED WITHOUT PREJUDICE for failure to exhaust. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 6-29-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge